FILED
2021 Jun-01 PM 01:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

# SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE

This Settlement Agreement and Full and Final Release (the "Agreement") is made by and between Plaintiff Alisa Lamay ("Plaintiff") and Defendants Enrique A. Carlo and Lung Rocket Enterprises, LLC (together, "Steel City Vets") including its subsidiaries, affiliates, officers, directors, owners, shareholders, partners, members, managers, representatives, insurers, agents, attorneys, employees, successors and assigns thereof, and all related entities with common ownership, including all members, managers, partners and owners of said entities.  Plaintiff and Steel City Vets are referred to herein, collectively, as the "Parties," and individually, as a "Party."  This Agreement shall be effective on the date that its execution is completed by all Parties (the "Effective Date").

WHEREAS, Plaintiff filed a lawsuit in the United States District Court, Northern District of Alabama, Southern Division, 2:20-CV-0293-SGC, alleging that she was owed wages under the Fair Labor Standards Act ("FLSA") in the form of unpaid overtime (the "FLSA Action");

WHEREAS, Steel City Vets denies these allegations, denies Plaintiff's entitlement to any wages, and further denies any and all claims asserted by Plaintiff in the lawsuit;

WHEREAS, Plaintiff alleges that she was a non-exempt employee under the FLSA, and Steel City Vets contends Plaintiff was an exempt employee under the FLSA;

WHEREAS, the Parties, in order to avoid the expense and disruption which will inevitably result from protracted litigation, desire to settle any and all claims, demands or rights, known or unknown, relating in any way to the employment relationship between

Plaintiff and Steel City Vets, which have been or might have been asserted by Plaintiff; and

WHEREAS, the Parties wish to resolve and release all claims related to Plaintiff's employment with Steel City Vets.

NOW, in consideration of the mutual promises and agreements set out herein, and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1. **Compromise Acknowledgement.** Plaintiff acknowledges and agrees that this Agreement and the consideration provided herein have been and are made and received solely on the basis of compromise of disputed claims, and this agreement is not, and is not to be construed as, an admission by Steel City Vets of any liability whatsoever.

   A.  The Parties have conducted independent investigations of the facts and law concerning the claims and defenses in the FLSA Action, including, among other things, exchange of written discovery, payroll records, and time records. Counsel for the Parties have further analyzed the applicable law as applied to the facts discovered concerning the allegations of the Plaintiff, Steel City Vets' defenses thereto, and the damages claimed by the Plaintiff.

   B.  Plaintiff believes that the claims asserted in the FLSA Action have merit. However, Plaintiff recognizes and acknowledges the expense and length of continued litigation through trial and possible appeals. Plaintiff has also considered the uncertain outcome and the risk of litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted further proceedings at the district court

level and potentially appellate review. The Parties have engaged in arm's length negotiations with a view to achieving a mutually acceptable settlement. Plaintiff believes that this settlement is fair, reasonable, adequate, in accordance with the law, and in the best interests of Plaintiff.

      C.     Steel City Vets believes that the claims asserted in the FLSA Action lack any merit. Although Steel City Vets has vigorously contested the allegations in the FLSA Action and denies that it has committed any wrongful action or violation of law, it believes nonetheless that further litigation in court with respect to Plaintiff could be protracted, expensive, and contrary to Steel City Vets' best interests. Substantial amounts of time, energy, and other resources have been and, absent settlement, will continue to be devoted to Steel City Vets' defense against the claims asserted by Plaintiff. Steel City Vets recognizes and acknowledges the expense and length of continued litigation through trial and possible appeals. Steel City Vets has also considered the uncertain outcome and the risk of litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted further proceedings at the district court level and potentially appellate review. In light of these realities, Steel City Vets believes that settlement is the best way to resolve the disputes among the Parties while minimizing Steel City Vets' own further expenditures. Steel City Vets believes that this settlement is fair, reasonable, adequate, in accordance with the law, and in the best interests of Steel City Vets.

      D.     The settlement will not be deemed to be a concession or admission by Steel City Vets of any violation of federal, state, or local law, statute, regulation, rule, or executive order, or any obligation or duty at law or in equity and will not be used or referred

to in any proceeding other than proceedings to interpret or enforce this Agreement.

        E.     The Parties through their counsel hereby seek judicial approval of their compromise and the resolution of their dispute and the FLSA Action between Plaintiff and Steel City Vets. The Parties will jointly submit this agreement to the Court with a motion to approve it. In the event the Court does not approve this Agreement, or any amended version agreed upon by the Parties, it will not have any effect on the FLSA Action, and the Parties will revert to their respective positions as of the date and time immediately prior to the execution of this Agreement.

2.    **Consideration.**  In full consideration of (a) Plaintiff's execution of this Agreement, and (b) Plaintiff's agreement to be legally bound by its terms, Steel City Vets will pay to Plaintiff and her counsel, the total aggregate sum of FIFTEEN THOUSAND DOLLARS ($15,000.00) (the "FLSA Settlement Funds") which shall be apportioned and paid as follows:

- $___ less applicable income tax withholdings and deductions, payable to "Alisa Lamay" representing the amount of Plaintiff's alleged unpaid wages, for which an IRS Form W-2 will issue from Steel City Vets; and

- $8,600.00 payable to "Alisa Lamay" representing the amount of Plaintiff's alleged liquidated damages, for which an IRS Form 1099 will issue from Steel City Vets; and

- $6,400.00 payable to "Kate Furek Law" representing the full amount of Plaintiff's alleged attorneys' fees and costs incurred in this matter, for which an IRS Form 1099 shall issue to Kate Furek Law from Steel City Vets.

A. The referenced payments of the FLSA Settlement Funds shall be mailed to Kate Furek Law within fifteen (15) business days from the day that the Court approves this Agreement.

B. Plaintiff warrants and represents that she will fulfill her responsibilities and payment obligations (if any) in connection with the FLSA Settlement Funds paid by Steel City Vets and agree to indemnity and hold Steel City Vets harmless from and against any and all claims, demands, violations or penalties resulting from the Plaintiff's violation of this warranty and representation.

C. Plaintiff agrees that these payments comprise full and complete satisfaction of any and all alleged damages incurred by Plaintiff, and that such payments are being made solely to resolve all claims between the Parties.

D. Pursuant to *Lynn's Food Stores, Inc. v. U.S. Dep't. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Parties shall file a Joint Motion for Approval and proposed Order within two (2) business days of the Effective Date hereof. The FLSA Settlement Funds shall not be disbursed to Plaintiff or counsel until the Court approves this Agreement and dismisses the lawsuit with prejudice or enters final judgment.

E. Plaintiff agrees to be responsible for her respective share of any and all applicable federal and/or state income and other taxes as may be owed by her resulting from the compensatory damage/liquidated damage portion of the FLSA Settlement Funds paid by Steel City Vets under this Agreement. To the extent Steel City Vets may be or are held liable for the payment of any taxes, interest and/or penalties in connection with these funds, Plaintiff agrees to indemnify and hold Steel City Vets harmless from and against

any and all such taxes, interest and/or penalties in connection with these funds, Plaintiff agrees to indemnify and hold Steel City Vets harmless from and against any and all such taxes, interest and/or penalties in connection with the compensatory damage/liquidated damage portion of the FLSA Settlement Funds paid to Plaintiff. Plaintiff acknowledges that (1) Steel City Vets has not made any representation with respect to the taxability of the FLSA Settlement Funds paid under this Agreement, and (2) Plaintiff has received or will obtain advice to the extent she deems it necessary from qualified advisors in respect thereto. The Parties agree to cooperate with each other, consistent with applicable law, in connection with any lawful inquiries by any taxing authorities.

  3. **Release of Steel City Vets for FLSA Action.** In return for the various promises and the payment made by Steel City Vets, Plaintiff hereby forever releases, discharges and acquits Steel City Vets, including Steel City Vets' past, present and future subsidiaries, affiliates and related entities, and all of their officers, directors, owners, shareholders, partners, members, managers, representatives, insurers, agents, attorneys, employees, contractors, successors, and assigns thereof (collectively, "Released Parties") from any and all actions, claims or demands whatsoever, in law or in equity, which Plaintiff ever had or now has, by reason of any matter, cause or thing whatsoever, now existing or arising in the future, based on unpaid wages under the Fair Labor Standards Act.

  A. This entire Agreement shall be null and void, and all offers contained herein shall be automatically withdrawn unless Plaintiff executes and returns this Agreement to Steel City Vets' counsel.

  B. For the purpose of implementing this release, Plaintiff expressly

acknowledges that the foregoing release is intended to include in its effect, without limitation, claims that she did not know or suspect to exist in her favor at the time of the Effective Date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of these claims and contemplates the extinguishment of any unknown claims.

4. **Release of Steel City Vets for Non-FLSA Claims.** In return for the various promises and the payment made by Steel City Vets, Plaintiff hereby forever releases, discharges and acquits Steel City Vets and the Released Parties from any and all actions, claims or demands whatsoever, in law or in equity, which Plaintiff ever had or now has, by reason of any matter, cause or thing whatsoever, now existing or arising in the future, based on or arising out of Plaintiff's employment or out of the Non-FLSA Claims. This Release includes, but is not limited to, all rights or claims which arise under federal, state, or local law for discrimination, breach of employment contract, harassment (racial, sexual or otherwise), wrongful discharge, constructive discharge, retaliation, fraud, mis-representation, defamation, violation of public policy, intentional infliction of emotional distress, invasion of privacy, interference with contract rights or opportunities, negligent and/or wanton supervision, and any other claims of breach of contract or tort. This Release also includes, but is not limited to, a release of any rights or claims Plaintiff may have under Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act of 1967; the Equal Pay Act of 1963; the Employee Retirement Income Security Act of 1974; the Consolidated Omnibus Reconciliation Act of 1985; the Americans with

Disabilities Act; the Family and Medical Leave Act; the Civil Rights Act of 1991; the Rehabilitation Act of 1973; the National Labor Relations Act; the Vietnam Era Veterans Readjustment Assistance Act of 1974; the Veterans Reemployment Rights Act, 38 U.S.C. §§ 2021-2026; the Occupational Safety and Health Act of 1970; Executive Order 11246; 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1987, and 1988; Ala. Code § 25-5-11.1; and any other state or federal statute, executive order, regulation, or ordinance, or provision of the United States Constitution, regulating or applying to Plaintiff's employment.

    A.    This entire Agreement shall be null and void, and all offers contained herein shall be automatically withdrawn unless Plaintiff executes and returns this Agreement to Steel City Vets' counsel.

    B.    For the purpose of implementing this release, Plaintiff expressly acknowledges that the foregoing release is intended to include in its effect, without limitation, claims that she did not know or suspect to exist in her favor at the time of the Effective Date of this Agreement, regardless of whether the knowledge of such claims or the facts upon which they might be based, would materially have affected the settlement of this matter, and that the consideration given under this Agreement is also for the release of these claims and contemplates the extinguishment of any unknown claims.

    5.    **Re-employment and Reinstatement**. Plaintiff agrees that she will neither apply for nor accept employment or re-employment with Steel City Vets in any capacity whatsoever, and that Steel City Vets has no obligation whatsoever, contractual or otherwise, to re-hire, re-employ, re-call or contract with Plaintiff in the future.

6. **Confidentiality.** Notwithstanding the provisions of Section 2(D), above, the Parties shall insure that the terms of this Agreement and the amount of payment made under the terms of this Agreement are to be kept confidential and that Plaintiff will not publicize or otherwise disclose the terms of the settlement, except to the extent that Plaintiff might disclose such terms as are necessary to seek legal advice and/or tax advice with respect to the Settlement and/or this Agreement. Plaintiff further understands that if she violates this confidentiality provision by disclosing the terms of the settlement to anyone not expressly permitted above, she shall be liable for and must pay to Steel City Vets liquidated damages in the amount of $1,000.00 for each violation of this provision.

7. **Mutual Non-Disparagement.** Plaintiff agrees to refrain from making any public statements (or authorizing any statements to be reported as being attributed to the Plaintiff) that are critical, derogatory or which may tend to injure the reputation or business of the Steel City Vets. Steel City Vets agrees to refrain from making any public statements (or authorizing any statements to be reported as being attributed to the Steel City Vets) that are critical, derogatory or which may tend to injure the reputation of Plaintiff.

8. **Employment Reference.** In response to any requests for a reference by a prospective employer, Steel City Vets agrees to provide a neutral reference that includes only Plaintiff's dates of employment and last position held.

9. **Prevailing Party.** In the event that it shall be necessary for any Party to this Agreement to institute legal action to enforce any of the terms and conditions or provisions contained herein, or for any breach thereof, the prevailing party shall be entitled to costs and reasonable attorneys' fees as determined by a court of competent jurisdiction.

10. **Severability.** If any provision of this Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Agreement and, to this end, the provisions of this Agreement are declared severable.

11. **Parties Represented by Counsel/Acknowledgment of Legal Competence.** This Agreement is not to be construed against any Party. All Parties were represented by counsel and participated in the drafting of this Agreement. Plaintiff hereby attest that they are legally competent to enter into this Agreement and that they fully understand and appreciate the terms, obligations, and ramifications of same.

12. **Mutual Full Cooperation.** The Parties agree to use their best efforts and to fully cooperate with each other to accomplish the terms of this Agreement and the Court's approval of the same, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement and effectuate the terms of this Agreement and the Court's approval of same.

13. **Modification.** This Agreement may not be changed, altered, or modified, except in writing and signed by the Parties hereto, and approved by the Court.

14. **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties concerning the subject matter hereof. No extrinsic oral or written representations or terms shall modify, vary, or contradict the terms of this Agreement. In the event of any conflict between this Agreement and any other settlement-related document, the Parties intend that this Agreement shall be controlling.

15. **Choice of Law/Jurisdiction.** This Agreement shall be subject to, governed by, construed, enforced, and administered in accordance with laws of Alabama, both in its

procedural and substantive aspects, and shall be subject to the continuing jurisdiction of the United States District for the Northern District of Alabama. This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for or against any party, regardless of who drafted or who was principally responsible for drafting this Agreement or any specific term or condition thereof.

16.  **Counterparts.** This Agreement can be executed in counterparts. An executed version of this Agreement, if transmitted by facsimile or email, shall be effective and binding as if it were the originally executed document.

17.  **Voiding the Agreement.** In the event this Agreement, or any amended version agreed upon by the Parties, does not obtain judicial approval for any reason, Sections 2-4 of this Agreement shall be null and void in their entirety.

DATE: 5-12-2021         Signature: _____
                                   ALISA LAMAY

STATE OF ALABAMA        :
COUNTY OF TUSCALOOSA    :

On this 12th day of May, 2021, before me personally appeared Alisa Lamay, known by me to be the person who executed the foregoing SETTLEMENT AGREEMENT and FULL AND FINAL RELEASE, and who acknowledged that she executed the same voluntarily of her own free will, with full knowledge and understanding of the contents thereof, and for the sole consideration therein expressed.

_____
NOTARY PUBLIC

AFFIX SEAL

My Commission Expires: _____

MOIRA BRODNAX PARKER
My Commission Expires
August 16, 2024

Page 11 of 12

DATE: 5/27/2021       Signature: _____
                                 ENRIQUE A. CARLO

STATE OF ALABAMA        :
COUNTY OF JEFFERSON     :

On this 27 day of May, 2021, before me personally appeared Enrique A. Carlo, known by me to be the person who executed the foregoing SETTLEMENT AGREEMENT and FULL AND FINAL RELEASE, and who acknowledged that he executed the same voluntarily of his own free will, with full knowledge and understanding of the contents thereof, and for the sole consideration therein expressed.

AFFIX SEAL       _____
                                      NOTARY PUBLIC

                                      My Commission Expires: 14 NOV. 2022

DATE: 5/27/2021       Signature: _____
                                 LUNG ROCKET ENTERPRISES, LLC
                                 By: Enrique A. Carlo
                                 Its: President

STATE OF ALABAMA        :
COUNTY OF JEFFERSON     :

On this 27 day of May, 2021, before me personally appeared Enrique A. Carlo, known by me to be the person who executed the foregoing SETTLEMENT AGREEMENT and FULL AND FINAL RELEASE, and who acknowledged that he executed the same on behalf of Lung Rocket Enterprises, LLC voluntarily of his own free will, with full knowledge and understanding of the contents thereof, and for the sole consideration therein expressed.

AFFIX SEAL       _____
                  NOTARY PUBLIC

                  My Commission Expires: 14 Nov. 2022